JUDGE SWAIN

**19 CV 11693**

DEC 2 0 2019

AO 241 (Rev. 09/17)

MAG. JUDGE LEHRBURGER

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Southern NY | |
|---|---|---|
| Name (under which you were convicted): BABYREV VADIM | | Docket or Case No.: 530280/08 |
| Place of Confinement: KFPC (KIRBY FORENSIC PSYCHIATRIC CENTER) | | Prisoner No.: #702293 |
| Petitioner (include the name under which you were convicted) BABYREV, VADIM | v. | Respondent (authorized person having custody of petitioner) DR. BRIAN BELFI, DIR. of KFPC Ann MARIE T. Sullivan, Commissioner of OMH & NY |
| The Attorney General of the State of: | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Supreme Court of the State of NewYork, County of New York 60 Centre Street, New York, NY 10007 (the hearing took place at KFPC)

   (b) Criminal docket or case number (if you know): 530280/08 (ORig. indictment # 6499 kings county)

2. (a) Date of the judgment of conviction (if you know): ~~11/11/13~~ 05/03/2017

   (b) Date of sentencing: ORiginal NGRI plea was entered on 9/19/2001

3. Length of sentence: Indefinite (or so it appears)

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: Following the NGRI plea (Not guilty by Reason of Insanity), for the charge of Murder in the Second degree, I was committed to the custody of the Commissioner of Mental Health of the State of NY (OMH) pursuant to NY CPL §330.20. Every 2 years I get a hearing to challenge my continued retention. I challenged the result of my last retention hearing (May 3, 2017) in a habeas petition.

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty    ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty    ☒ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *N/A*

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury     ☒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes     ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes     ☐ No

9. If you did appeal, answer the following: *I asked (through counsel) for Rehearing and Review of the Bench trial decision.*

(a) Name of court: *Supreme Court of the State of NY, County of NY*

(b) Docket or case number (if you know): *530280/08*

(c) Result: *The Rehearing and Review NEVER took place*

(d) Date of result (if you know): *DURing the hearing to Force me to take more medicine Judge declared it moot.*

(e) Citation to the case (if you know):

(f) Grounds raised: *I am not mentally ill.*

(g) Did you seek further review by a higher state court?     ☒ Yes     ☐ No

If yes, answer the following:

(1) Name of court: *Supreme Court of NY, County of NY*

(2) Docket or case number (if you know): *530280/08*

(3) Result: *My habeas petition claiming violations of Due Process was denied on 11/14/8*

AO 241 (Rev. 09/17)

(4) Date of result (if you know): *Nov. 14/18*

(5) Citation to the case (if you know):

(6) Grounds raised: *Violation of Post NGRI proceedings (Due Process Rights) & Hearings mandated by Statute were NOT provided CPL§330.20(16) — Rehearing and review*

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): *N/A*

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: *Appellate Division 1st. Dept. (Supr. Court NY)*

(2) Docket or case number (if you know): *530 280/08*

(3) Date of filing (if you know): *on or about 12/09/18*

(4) Nature of the proceeding: *Appeal of my habeas petition*

(5) Grounds raised: *(1) JSC. Lillian Wan stated that the hearing I complained of was scheduled to take place on Jan. 09, 2018 and that I did not state the basis for the relief requested. However, when that date came about (1/09/19) No hearing took place and the fact is that I was not provided with a hearing mandated by statute (CPL§330.20(16))*

*See attached order denying habeas petition signed by Justice Wan on 11/14/18*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: *Appellate Division 1st. Dept.*

(2) Docket or case number (if you know): *530280/08*

(3) Date of filing (if you know): *on or about Nov. 5, 2019*

(4) Nature of the proceeding: *Proposed Amended petition / Appellate Brief*

(5) Grounds raised: *Ineffective Assistance of counsel;*
*Violations of Due process Rights;*
*CPL§3020 is Unconstitutionally Vague, In That*
*it Does not consider Inability of mentally ill*
*to track or contest the actions of state provided*
*Attorneys; Violations of my constitutional*
*Rights within the Confining Institution;*
*Violations of the Conditions of confinement.*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: *N/A*

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☐ Yes   ☐ No

(2) Second petition:   ☐ Yes   ☐ No

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_I'm not a lawyer, I was denied court appointed_ KFPC allows me to use a person very limited basis;
_appellate counsel even though poor person status was granted._

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:   _Ineffective Assistance of Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) _last time I spoke to a lawyer was 6 months ago. The assigned counsel, Glenn Hardy, does not answer calls or emails._

(2) _He did not file the appeal of the last Bench trial decision to retain me, even though I repeatedly asked him to do so._

(3) _The previous Attorney, Don Graham adjourned my appeal/ Rehearing & Review and agreed to unreasonable adjourn-_

(b) If you did not exhaust your state remedies on Ground One, explain why:

_ments by apposing counsel, until the issues to be reviewed became moot. He told me he does not have to help me with my habeas petition because I filed it on my own._

(4) _After the previous year's hearing (2016), I made a similar request for a Rehearing and review with jury. After filing it and unnecessarily stalling the process Don Graham withdrew the petition he filed for me without my knowledge._

AO 241 (Rev. 09/17)

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *My counsel, at all times when I requested appeal, was so ineffective that the appeal — Rehearing & Review with*

(d) **Post-Conviction Proceedings:** *Jury, never took place throughout my 18 years of confinement.*

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Appeal and proposed amended petition for habeas corpus writ.*

Name and location of the court where the motion or petition was filed:
*Appellate Division 1st Dept. Supreme Court because 27 madison Ave. NY, NY 10010*

Docket or case number (if you know): *530280/OP*

Date of the court's decision: *Still pending*

Result (attach a copy of the court's opinion or order, if available): *Attached is a copy of order Granting poor person's Relief (but denying Appellate Counsel (to be appointed by the court)*

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*I Appealed as high as I could on my own without counsel and without regular access to writing utensils (pen). State provides very limited time to use a pen at KFPC. At one point my use of pen was fully Restricted for 5 months. Legal papers come in with Resistance from staff.*

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: I complained to the "Justice Center for People with Special needs" of the State of NY that I am not Represented in actuality (only on paper).

**GROUND TWO:** Violations of my 5th and 14th Amendment Due process Rights, a PATTERN OF. (Repeated)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During all 5 years of my confinement at KPDC I was not provided with a Rehearing and Review with Jury, even though I asked/Requested one every year (see attached List of Actions, Exhibit A For the Case Index No. 530280/08). When I questioned my Attorneys' actions, Mental Hygiene legal Service Resigned from representing me, obtaining the order FOR assignment of independent (legal aid) Court appointed counsel from J.C. John J. Kelley

(b) ~~If you did not exhaust your state remedies on Ground Two, explain why:~~ At that Hearing I was not Represented at all. (Nov. 28, 2018). New Attorney, Glenn Hardy, does not answer phonecalls; does not Return phone calls; does not Respond to emails. State Statute mandated hearings are not provided. No one cares.

(c) **Direct Appeal of Ground Two:** Glenn Hardy attempted to withdraw petition For R&R Just like Don Graham. (before it became) moot

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: My Counsel, at all times when I Requested apeal, was so ineffective that the appeal/rehearing & Review with Jury Never took place.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Appeal and proposed Amended Peti -

Name and location of the court where the motion or petition was filed: tion For Writ of habeas C. Appellate Division of NYS Supreme Court, 1st Dept., 27 Madison Ave, New York, NY 10010

Docket or case number (if you know): 530280/08

AO 241 (Rev. 09/17)

Date of the court's decision: *Still pending*

Result (attach a copy of the court's opinion or order, if available): *Attached is a copy of the ORDER granting poor person's relief but denying Appellate counsel (to be appointed by the court) Exhibit A2*

(3) Did you receive a hearing on your motion or petition?                        ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?                ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *I appealed as high as I could on my own, without counsel and without regular access to writing utensils (pen). State provides very limited time to use a pen at KFPC by insistantly enforcing nonsensical institutional rules of pen use. Legal papers are often not allowed in.*

(c)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : *I complained to NYS Justice center for people with special needs that I'm not represented (not in actuality, only on paper). I complained to the same Justice center about State's impedence of my legal activity through unreasonably limiting the time to use a pen.*

**GROUND THREE:**  *The law that keeps me in confinement, CPL§330.20, is unconstitutionally vague.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*The statute does not consider the inability of mentally ill to track or contest the actions of State provided Attorneys. State appointed lawyers, in my case, acted on my behalf without my knowledge or knowing consent to their actions and those actions were against my wishes and reasonable expectations.*

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: *I cannot exhaust State remedies fully without counsel and with the state's impedence of the exhoustion (Appellate Counsel was Not provided; I am often restricted from using a pen at KFPc.)*

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: *My counsel, at all times when I requested appeal, was so ineffective that the appeal/ Rehearing/Review with Jury never happened throughout my 18 years of confinement.*

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Appeal and proposed Amended Petition for a writ of Habeas Corpus*

Name and location of the court where the motion or petition was filed: *Appellate Division of NYS Supreme Court, 1st Dept. 27 Madison Ave. NY, NY, 10010*

Docket or case number (if you know): *530280/08*

Date of the court's decision: *8/12 pending*

Result (attach a copy of the court's opinion or order, if available): *Attached is a copy of the order Granting poor person's relief, but denying Appellate Counsel to be appointed by the Court See Exhibit A(e)*

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

I Appealed as high as I could on my own without Counsel and without access to writing utensils (pen) State provides insufficient time to use a pen at KFPC. I was often restricted from using a pen. Legal papers are often not allowed to come in.

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

I complained to the "Justice Center FOR People With Special needs" of NYS, that I'm not Represented in actuality (only on paper), That I'm not allowed to write enough to access the courts.

**GROUND FOUR:** Violations of my constitutional expression in the continuing institution / Violations of conditions of my confinement (See BABYRE V. lanotte, 16 CV5421, 2018 SDNY)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I'm not provided with the means to exercise my most basic constitutional rights. Access to pen/writing utensils is restricted and sporadic. Telephone communications are often restricted, sometimes for months at a time. Use of eating utensils often restricted for months without any legitimate or sensible reason. Pen and phone restrictions are implemented FOR no good reason. In my case there was no violence/no threats. Pretexts are arbitrary/whimsical.

(b) If you did not exhaust your state remedies on Ground Four, explain why: At all times when I asked an Attorney to handle this ground, or for a court to Appoint an Attorney to handle it, I was denied legal assistance. I filed a Prose 42 U.S.C. §1983 civil action on my own with little success (See BABYRE V. lanotte,

(c)  **Direct Appeal of Ground Four:** (16 CV-5421, SDNY, 2018) still pending.

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: My Counsel, at all times when I requested appeal, was so ineffective that the appeal/prehearing review/may Never

(d)  **Post-Conviction Proceedings:** took place.

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Appeal and Proposed Amended Petition for a writ of habeas corpus.

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: *Appellate Division of NYS Supreme Court, 1st Dept., 27 Madison Ave, New York, NY 10010*

Docket or case number (if you know): *530280/08*

Date of the court's decision: *Still pending*

Result (attach a copy of the court's opinion or order, if available): *Attached is a copy of the order granting appeal (poor person's status but denying appellate counsel to be appointed by the court.*

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *I appealed as high as I could on my own, without counsel and without regular access to writing utensils (pen). State provides very limited (insufficient/present) time to use a pen at KPFC by mis-standly enforcing nonsensical institutional rules of pen use. Legal papers are often not allowed in. Mail at KPFC is delivered and sent out with long delays.*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *I complained to NYS Justice Center for People with Special Needs that I'm not represented (not in actuality, only on paper); That I don't have regular access to a pen and can't write legal papers/access the courts. I mentioned all of the above issues to clinicians and officials at KPFC with no results.*

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?  ☐ Yes   ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: I could not Appeal higher than
Appellate Division 1st Dpt. because: (1) the Ap-
peal is still pending; (2) I am not represented
and Im not a lawyer; (3) Institution confining
me prevents me from writing legal papers
by restricting any use of a pen, not giving time to write or focus.

(b)  Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?  ☒ Yes   ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available. United States District Court,
Southern District of NY; Babyrev v. Lanotte, 16 CV-
-5421, SDNY. 2018; attached is the opinion of
U.S. D.J. Edgardo Ramos; 42 U.S.C. § 1983 Civil
Rights Action; Access to the courts (no pen to write
petitions is provided in an institution where personal
pens are not allowed) violations of Due Process
Rights /conditions of confinement, violations of State Statutes.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?  ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
       judgment you are challenging:

       (a) At preliminary hearing:   *Vincent Lomangino*

       (b) At arraignment and plea:   *Mary Beth Fertek*

       (c) At trial:   *Don Graham*

       (d) At sentencing:   *Glenn Hardy*

       (e) On appeal:

       (f) In any post-conviction proceeding:

       (g) On appeal from any ruling against you in a post-conviction proceeding:


17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
       challenging?          ☐ Yes    ☒ No
       (a) If so, give name and location of court that imposed the other sentence you will serve in the future:


       (b) Give the date the other sentence was imposed:

       (c) Give the length of the other sentence:

       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?          ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

       (A) As I understand it, the May 3, 2017 reten-
       tion order did not become final until the
       time to seek appeal or Rehearing & Review w/
       jury expired. The application for Rehearing
       and Review was declared moot in 2019,

AO 241 (Rev. 09/17)

there fore, this method of tolling gives me until 2020 to file my petition in federal court.

(B) If I toll the one year from the time the State-created impediment is removed, the impediments have not been removed yet as of yet; Neither do I have Counsel that talks to me, Nor do I have Counsel to help me with the Appeal, Nor do I have effective counsel, Nor am I provided with a pen enough to do legal research and write legal papers. In fact, This petition is written not with a state provided pen but with a pen filler I found on the floor (likely lost by staff). All items like that are removed during frequent "ward searches" and "Locker checks".

(C) ___ N/A ___

(D) All documents concerning Cases of mentally ill criminal defendants and NGRI acquittees are kept in Secrecy pursuant to Mental Hygiene Law. I am kept in total darkness as to what goes on with my case. When I made requests for medical and court records in 2017-2019 they were all denied.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *(i) Release me from custody of Office of Mental Health; Alternatively, Transfer me to Non-secure facility; Alt. Withdraw NGRI Plea.*

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on *12/13/19* (date).

_____
*Bobyrev, Vadim*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

# Exhibit A

A(1) Order of J.S.C., Hon. Lillian Wan, denying the original Habeas Petition to the Supreme Court, NY County.

A(2) Order of the Appellate Division 1st. Dept., granting motion for poor person's relief, but denying appointment of Appellate Counsel; leave to prosecute the Appeal — Granted.

A(3) List of Actions on my post NGRI proceedings (CPL 330.20) Index # 530280/2008 (530280-08)

A(4) Affirmation in Response to Motion to Proceed as a poor person; (by Oren L. Zeve )

A(5) E-mail to Glenn Hardy, attorney assigned to my case, in which I asked him if he filed an appeal of the Bench trial decision for my retention (the most recent retention order).

Exhibit A(i)

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: Hon. Lillian Wan PART Ex-Parte

*Justice*

In the matter of the Application INDEX NO. 0030280/08
of Vadim Babyrev MOTION DATE

Commissioner of The New York State MOTION SEQ. NO.
Office of Mental Health, Ann Manise.
Sullivan, Executive Director of Kirby MOTION CAL NO.
Forensic Psych Center, Vincent Miccoli.

The following papers, numbered 1 to __4__ were read on this motion to/for *a writ of Habeas corpus*

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

**Cross-Motion:** ☐ Yes ☒ No

Upon the foregoing papers, it is ordered that this motion *the court declines to sign the order to show cause. The movant has not stated a basis for the relief requested Furthermore, a Rehearing and Review with Jury to inquire into the mental illness and need for retention of the movant is already scheduled to be heard on January 9, 2019.*

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: 11/14/18

HON. LILLIAN WAN
J.S.C.

**Check one:** ☐ FINAL DISPOSITION ☐ NON-FINAL DISPOSITION

**Check if appropriate:** ☐ DO NOT POST ☐ REFERENCE

*Exhibit A(2)*

Present - Hon. Rolando T. Acosta,          Presiding Justice,
              Judith J. Gische
              Barbara R. Kapnick
              Ellen Gesmer
              Anil C. Singh,                   Justices.

-------------------------------------------X
In the Matter of Vadim Babyrev, a Patient
at Kirby Forensic Psychiatric Center,
      Petitioner-Appellant,

For a Writ of Habeas Corpus Pursuant              M-6532
to Article 70 of the Civil Practice Law    Index No. 530280/08
and Rules,

          -against-

Commissioner of Mental Health, et al.,
          Respondent-Respondent.
-------------------------------------------X

      Petitioner-appellant having moved for leave to prosecute, as
a poor person, the appeal taken from the order of the Supreme
Court, New York County, entered on or about November 14, 2018,
and for leave to have the appeal heard on the original record and
upon a reproduced appellant's brief, and for other relief,

      Now, upon reading and filing the papers with respect to said
motion, and due deliberation having been had thereon, it is

      Ordered that the motion for poor person relief is granted to
the extent of permitting the appeal to be heard on the original
record and upon a reproduced appellant's brief, on condition that
appellant serves one copy of such brief upon the attorney for
respondent and files an original, five hard copies and, if
represented by counsel, one digital copy of such brief, together
with the original record, pursuant to Section 1250.9 of the
Practice Rules of the Appellate Division.  Appellant is permitted
to dispense with payment of the required fee for the subpoena and
filing of the record.  The motion, to the extent it seeks the
assignment of appellate counsel, is denied.

              ENTERED: May 30, 2019


              _____
                          CLERK

EXHIBIT A(3)

**530280/2008**

New York County Clerk's Office

****** vs. ******

1/1/2008        ******

**18 Actions**

| | | |
|---|---|---|
| 📁🖥 | 11/3/2017 | NOTE OF ISSUE        NF |
| 📁🖥 | 5/15/2017 | ORDER SECOND RETENTION |
| 📁🖥 | 2/27/2017 | ORDER TO SHOW CAUSE FOR REHEARING AND REVIEW WITH JURY |
| | 12/7/2016 | JURY DEMAND                NF |
| 📁🖥 | 12/7/2016 | NOTE OF ISSUE        NF |
| 📁🖥 | 9/27/2016 | ORDER FOR REHEARING AND REVIEW WITH JURY AND ORDER TO PRODUCE |
| 📁🖥 | 8/12/2016 | ORDER APPOINTING PSYCHOLOGIST AND ORDER FOR MEDICAL RECORDS |
| 📁🖥 | 6/16/2016 | FIRST RETENTION ORDER |
| 📁🖥 | 4/5/2016 | ORDER TO SHOW CAUSE |
| 📁🖥 | 4/5/2016 | FINAL ORDER |
| 📁🖥 | 11/4/2015 | JURY DEMAND                NF |
| 📁 | 11/4/2015 | NOTE OF ISSUE        NF |
| 📁🖥 | 9/11/2015 | ORDER TO SHOW CAUSE FOR A REHEARING |
| 📁🖥 | 9/11/2015 | ORDER SHORT FORM ORDER PART 58 SIGNED 9/9/15 APPLICATION FOR JURY TRIAL |
| 📁🖥 | 9/11/2015 | ORDER FINAL ORDER AUTHORIZING THE INVOLUNTARY TREATMENT |
| 📁🖥 | 9/11/2015 | ORDER APPLICATION FOR A REVIEW AND REHEARING GRANTING RETENTION |
| 📁🖥 | 3/12/2015 | ORDER TO SHOW CAUSE |
| 📁🖥 | 3/12/2015 | ORDER FINAL |

Legend: 📁Records Room 🖥 Scanned

*Exhibit A(4)*

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION – FIRST DEPARTMENT

In the Matter of

VADIM BABYREV, a Patient at Kirby Forensic
Psychiatric Center,

Index No. 530280/08
Supreme Court
N.Y. County

*Petitioner-Appellant,*

v.

COMMISSIONER OF MENTAL HEALTH,
&c, et al.,

**AFFIRMATION IN
RESPONSE TO MOTION
TO PROCEED AS A POOR
PERSON PURSUANT TO
C.P.L.R. 1101**

*Respondent-Respondent,*

For a Writ of Habeas Corpus Pursuant to Article
70 of the Civil Practice Law & Rules.

Oren L. Zeve, an attorney admitted to practice in this State, affirms on penalty of perjury:

1.      I am an Assistant Solicitor General in the New York State Office of the Attorney General, counsel for respondents Commissioner of Mental Health and the director of the Kirby Forensic Psychiatric Center (together, "OMH"). I submit this affirmation in response to petitioner-appellant's motion for permission to proceed as a poor person under C.P.L.R. 1101.

2.      I make this affirmation based on my review of this Office's files, conversations with other attorneys in this Office, and information and belief.

**Background**

3.      On May 14, 1999, Vadim Babyrev bludgeoned his mother to death with a clothes iron. On April 25, 2001, he was found not responsible by reason of mental disease or defect.

4.      Since that time, Babyrev has been retained in OMH facilities pursuant to Criminal Procedure Law § 330.20.  He currently is retained at Kirby Forensic Psychiatric Center.

5.      Supreme Court issued a retention order in 2016, and Babyrev, represented by Mental Hygiene Legal Services (MHLS), filed a notice requesting rehearing and review. *See* C.P.L. § 330.20.  Proceedings on the request were adjourned at the request of MHLS.  Ultimately, that notice was withdrawn in light of the requirement that OMH file a new retention petition.

6.      After OMH filed a new petition, Supreme Court, New York County (Mendez, J.), signed a two-year retention order, which is set to expire on or about January 27, 2019.

7.      Babyrev again filed a timely notice for a jury rehearing and review. On November 3, 2017, MHLS filed a note of issue, but since that time MHLS has requested at each appearance that the court adjourn the proceeding. At an October 31, 2018 appearance, MHLS requested that the court adjourn the proceedings once again until January 9, 2019.

**The Present Habeas Petition**

8. While the proceedings on the 2017 retention order and request for rehearing and review were pending, on or about November 14, 2018, petitioner, proceeding pro se, filed a petition for a writ of habeas corpus. He alleged that he was being held unlawfully because he had not received his jury rehearing and review of either the 2016 or 2017 retention orders, in violation of C.P.L. § 330.20. Petitioner also alleged that he was no longer mentally ill, and the psychiatric examinations at OMH were rigged.

9. Petitioner sought to commence the proceeding by an order to show cause, but on November 14, 2018, Supreme Court, New York County (Wan, J.) denied the proposed order, stating that a jury rehearing and review was scheduled for January 9, 2019.

10. Although January 9 was the next control date in the proceedings, no rehearing and review was scheduled to proceed that day.

**MHLS Withdraws as Counsel and New Counsel Is Appointed**

11. Approximately one week after Babyrev filed his habeas petition, MHLS moved to withdraw as counsel on the 2017. MHLS asserted an irrevocable breakdown in the attorney-client relationship, which arose sometime after the request for rehearing and review. Supreme Court, New York County (Kelley, A.J.) granted the motion on November 28, 2018 and directed that new counsel should be appointed. *See generally* C.P.L.R. 321(b); Judiciary Law § 35.

12.    The court has appointed new counsel for petitioner: Glenn Hardy, 1619 3rd Ave., Ste. 9K; New York, NY 10128.

13.    In anticipation of the January 9, 2019 proceedings, the District Attorney's Office, OMH, and Babyrev's new counsel agreed to adjourn the proceedings one month because Babyrev's counsel was at trial and could not appear.

**The Present Appeal**

14.    Babyrev appealed from Supreme Court's refusal to sign the order to show cause accompanying his petition for a writ of habeas corpus. *See* C.P.L.R. 7011.

15.    Babyrev now seeks permission to proceed as a poor person and for assignment of counsel.

16.    A party moving for permission to proceed as a poor person must provide "sufficient facts so that the merit of the contentions can be ascertained" and demonstrate "that he or she is unable to pay the costs, fees and expenses necessary to prosecute or defend the action or to maintain or respond to the appeal." C.P.L.R. 1101(a).

17.    OMH takes no position on Babyrev's motion to proceed under C.P.L.R. 1101 other than to emphasize the following:

(1) with respect to the merits of the contentions in the petition that Babyrev has been denied the statutory protections of § 330.20, Babyrev's then-counsel MHLS repeatedly requested to adjourn the proceedings;

(2) upon information and belief, unspecified disputes between Babyrev and his former counsel led to such delays, and such disputes and the filing of the present habeas petition led his former counsel, MHLS, to seek (and receive) permission to withdraw;

(3) OMH likely will be filing a new petition for continued retention shortly, which would entail a new review of and determination whether it would be appropriate to retain Babyrev pursuant to C.P.L. § 330.20, and likely would render moot the 2017 retention order that Babyrev challenges.

Dated:    New York, New York
          January 16, 2019


                              Oren L. Zeve
                              Managing Assistant Solicitor General




Reproduced on Recycled Paper

 Gmail

**Sergey B. <sbabyrev@gmail.com>**

---

## Appeal of retention order S.J.C. Ruth Fineman
1 message

---

**Sergey B.** <sbabyrev@gmail.com>                                    Wed, Oct 30, 2019 at 9:46 PM
To: info@ghardyesq.com

Hello sir,
I'm your client Mr. Babyrev, Vadim. You were appointed by judge John J. Kelley as my defense counsel
after Mental Hygiene Legal Service was relieved from defending me. I asked you to appeal Judge Ruth
Fineman's decision to retain me at Kirby Forensic Psychiatric Center shortly after the hearing where you
represented me. You never got back to me with the results of the appeal. Nor have you ever confirmed if
such an appeal was ever filed or not. You have not contacted me in any way during the past several
months. I'm asking you to get in touch with me as soon as possible, and let me know what happened with
the appeal that I asked you to file.

Thank you,
Vadim Babyrev