UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

VADIM BABYREV,

                                                                              No. 19 CV 11693-LTS

                         Petitioner,

       -against-

BRIAN BELFI et al.,

                       Respondents.

-------------------------------------------------------x

<u>ORDER</u>

        The Court has received and reviewed Petitioner's letter requesting reconsideration of the Court's order denying his request to proceed <u>pro</u> <u>se</u> (Docket Entry No. 14). (Docket Entry No. 18.)

        A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012). Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." <u>In re Health Mgmt. Sys. Inc. Sec. Litig.</u>, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal quotation marks omitted). To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." <u>Virgin Atlantic Airways, Ltd. v. National Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

Petitioner's request for reconsideration does not present an intervening change of controlling law.[1]  Nor does the current Covid-19 pandemic or the mitigation restrictions put in place by the institution in which Petitioner is housed present new evidence material to the Court's decision to deny the prior motion to proceed pro se.  Additionally, Petitioner's argument that the Court has erroneously determined him to be incompetent misreads the Court's prior order.  The Court denied Petitioner's motion to proceed pro se in part because the Court determined that appointment of counsel was necessary to address the issue of whether this case may proceed without appointment of a guardian, but also because the amount of time that had passed since counsel began gathering and reviewing information was not unusual given the Petition's length and complexity.  (See Docket Entry No. 14.)  Petitioner's argument that appointment of counsel necessarily and irreparably "gags" him and denies him Due Process is contrary to case law requiring courts to appoint a representative when a party has been determined incompetent.  See Perri v. City of New York, 350 F. App'x 489, 491 (2d Cir. 2008).  Accordingly, Petitioner has not identified any clear error or manifest injustice.

---

[1]  While Petitioner argues that he has not been able to support his arguments with case law because the administration of the institution in which he is housed has prevented his access to the law library, he does not argue that there has been any change in controlling case law.  (Docket Entry No. 18, at 3.)  Petitioner has previously provided citations in his filings, (see, e.g., docket entry no. 9), and he notes that his institution has responded to the present Covid-19 pandemic by directing him to remain in his sleeping quarters and discontinuing his normal activities.  (Docket Entry No. 18, at 1.)  While it appears that his access to the law library is restricted due to the Covid-19 pandemic, Petitioner is currently represented by counsel.  Accordingly, Petitioner's inability to perform legal research does not prevent him from discovering and presenting to the Court any applicable change in law.

For the reasons stated above, Petitioner's motion for reconsideration is denied.

Docket Entry Number 18 is hereby resolved.

SO ORDERED.

Dated: New York, New York
April 6, 2020

       /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      United States District Judge